Bosworth, Ch. J.
The company, of which the plaintiff is Receiver, was forbidden by statute to loan any of its money to any stockholder of the company. (2 'R. S., 5th ed., 661, § 37, [sec. 14].) The loan in question was not made by the company or in its name, but was made by John Acosta, then being trustee, president and treasurer. In. making the loan, he did an act which the company was forbidden to do, and one which makes every officer of the company, “who shall assent thereto,” liable to the extent of such loan, for all the debts of the company, contracted before the repayment of the sum so loaned. (2 R. S., supra.)
To exonerate John Acosta from liability to the company, for this unauthorized use of its moneys, it should at least be established, that the officers of the company authorized to bind it by acts done in its name, had, in behalf of the company, ratified the act.
*161 The Referee has not found, as a fact, that it was ratified by the company. The Referee’s report, dated December 3d, 1861, contains no statement or finding in regard to this defense. The case, in its statement of the facts found by the Referee, specifies that “ Acosta afterwards informed the trustees and stockholders that he had loaned said money to Foster & Mckerson.” When he so informed them, or whether, at the time the information was given, the trustees were together in that capacity, or what either of them said when so informed, or whether either of them then, or at any time, said anything on the subject, is not found or stated as a fact.
The loan was made on the 18th of April, 1856. The minutes of the proceedings of the trustees, at the meetings held by them as such, during the year 1856, make no mention of any such loan. This was admitted at the trial. There was no attempt to prove that the minutes of the proceedings of any subsequent meeting of the trustees, mention it.
The only evidence in the case, that Acosta informed the trustees he had made this loan, consists of a statement, in the annual report of the company for the .year ending January 31, 1857, in these words, viz.:
“ Cash in bank 1st Feb’y, 1857,, $1,302 41 do drawn « “ . 22 18 $1,334 59 do in hands of Foster & Mckerson, entered to present date, including, also, the additional loan of $1,500,................. 3,289 37”
The witness, Foster, says the loan of $2,000 is mentioned in this report. The above extract contains the only mention made of it. The report spoke of “ do,” or cash “ in hands ” of Foster & Mckerson, and by those words, no more declares that the money they held had been loaned to them, than it declares the money “ in bank” had been loaned to it. The only words intimating the fact of a loan are, “ including, also, the additional loan of $1,500.” It *162 is found as a fact, that no part of the loan of $2,000, was repaid, and there is no evidence that any part of the loan of $1,500 was repaid. Taking $1,500 from $3,289.37, leaves $1,789.37, which is less than the principal of the loan of $2,000.
It does not appear by the case, that the defendants requested or required the Eeferee to make a formal finding, upon the allegation in the answer, that the loan was rath tied. The only exceptions to the decision are, first, to the conclusion of law that the loan was illegal, and second, .to the general conclusion that the plaintiff is entitled to recover. «
Even if it be admitted that a ratification by the company, of Acosta’s act in loaning the $2,000, would exonerate him from liability to the company, and leave him under no liability by reason of it, except for debts of the company, still it is essential to his defense, that a ratification should be found or proved.
It has not been found as a fact, that it was ratified, and there is nothing in the Eeferee’s report in conflict with the presumption, arising from his reporting in favor of the plaintiff, that he found that fact against the defendants. (Grant v. Morse, 22 N. Y. R., 323 ; In Re The Dulce of Beaufort, 8 Com. Bench, N. S., 146.)
A finding that “Acosta afterwards informed the trustees and stockholders that he had loaned said money to Foster & Nickerson,” without finding more, should not be held to establish, as matter of law, that they ratified an act which the statute prohibits the company from doing, or to establish as a matter of fact, a ratification of this misconduct.
I think the judgment is correct on the facts found, and that the case does not show that the Eeferee has committed any error, on the trial or in his decision, and that the judgment should be affirmed.
Moncrief, J., concurred in this opinion;
Robbertson, J.
Disembarrassed of all questions of statutory liability, this seems to me a plain case of the misap *163 propriation of the funds of a company by the treasurer of the company, in which he was knowingly assisted by a director, who reaped the benefit of it. The authority of the defendant’s testator was confined to the care and custody of the money of the company. Under pretense of a loan, that is, a promise to repay it, he delivered this money to Foster Ss Hickerson, who knew the extent of his authority ; and subsequently confessed, in a written statement to the officers, that he had placed it in the hands of that firm. Hothing was ever done by the officers, on such confession. If such an admission, without any subsequent act, could constitute a ratification, any confession of embezzlement, on which no steps were taken, would equally condone the offense. The Referee has not found the ratification set up in the answer, and therefore, if there be any room for doubt that it was proved, he must be held to have found that it was not. (Grant v. Morse, 22 N. Y. R., 323.)
I am not prepared to say that this came within the statute (2 R. S., 661, § 37, 5th ed.,) as a loan, or that the plaintiff, as Receiver, can recover the money, when the statute only gives it to creditors while the loan is running; if he could, I do not see how a ratification by other officers would help the original delinquent. But for the reasons I have given I think the judgment should be affirmed with costs.
Judgment affirmed.